UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| WEI QIU, ) | |
| ) | |
| Plaintiff, ) | Civil No. 5:21-cv-00197-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| SCOTT COUNTY SCHOOLS, *also known* ) | **&** |
| *as Great Crossing High School*, ) | **ORDER** |
| ) | |
| ) | |
| Defendant. ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the Defendant's Motion to Strike and Motion for Hearing. [R. 14; R. 29.] The Plaintiff, proceeding *pro se*, claims the Defendant violated Title VII by failing to hire her on the basis of race, color, and national origin. [*See* R. 1.] There is a pending Motion to Dismiss in this matter, which is ripe for review. [R. 8.] The Defendant requests a status conference, as the Plaintiff has filed numerous unauthorized pleadings while the Motion to Dismiss has been pending. [R. 29.]

**I**

Because the Plaintiff is proceeding *pro se*, the Court recognizes that it is to liberally construe her pleadings. *See Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016). However, the Plaintiff is still bound by the Federal Rules of Civil Procedure and this District's Local Rules and was previously informed that those rules govern this matter. [R. 4]; *see Martinez v. Litteral*, 2020 U.S. Dist. LEXIS 142289, at \*2 (E.D. Ky. May 13, 2020) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). The Local Rules clearly establish that, once a motion is filed, the party opposing it can file a response, then the party that filed the motion can file a reply. *See* LR

7.1(c). Every motion must "state with particularity (1) the grounds for the motion, (2) the relief sought, and (3) the legal argument necessary to support it." LR 7.1(a). Once the Motion, Response, Reply process occurs, the motion is submitted to the Court for decision. LR 7.1(g). Pleadings outside of this pattern are considered sur-replies, which are not authorized under the Federal Rules of Civil Procedure or the Local Rules. *Chenault v. Randstand USA Mfg. & Logistics*, 2019 U.S. Dist. LEXIS 84433, at *8-*9 (E.D. Ky. May 20, 2019). Sur-replies can be filed with permission from the Court, but such permission is only granted if the pleading presents a new argument or evidence for the first time. *Id.*

## II

In this matter, the Defendant filed a Motion to Dismiss, then the Plaintiff filed a "Motion to Dismiss the Defendant's Motion to Dismiss," with an accompanying memorandum. [R. 9; R. 10.] The Court will construe [R. 9] and [R. 10] collectively as a Response to the Motion to Dismiss, as those documents present an argument as to why the matter should not be dismissed. The Defendant then filed a Reply [R. 11] and the Motion to Dismiss was submitted to this Court for a decision. The Plaintiff filed many pleadings in the interim. The Court will address each in turn to determine whether they are appropriate.

First, the Plaintiff filed a second Motion to Dismiss the Defendant's Motion to Dismiss and a Response to the Defendant's Reply in support of its Motion to Dismiss. [R. 12; R. 13.] The Defendant moved to strike these pleadings. [R. 14.] Both pleadings constitute unauthorized sur-replies, as they were filed after the Motion to Dismiss was fully briefed and without leave of Court. *See Chenault*, 2019 U.S. Dist. LEXIS 84433, at *8-*9. Further, both motions repeat arguments made in the Plaintiff's Response in opposition to the Motion to Dismiss. [R. 9; R. 10.] The Plaintiff's Motion [R. 12] and Response [R. 13] were unauthorized and present no new

argument or evidence, so the Defendant's Motion to Strike [R. 14] will be granted and both will be stricken.

The Plaintiff also filed a "Motion to Strike" the Defendant's Motion to Strike [R. 14]. [R. 16.] The Court will construe this Motion as a Response to the Motion to Strike, as it appears to argue why [R. 12] should not be stricken, in opposition to the Motion at [R. 14].

The Plaintiff then filed a "Motion to Strike" the Defendant's Response [R. 18] to the Plaintiff's Motion to Strike [R. 16] the Defendant's Motion to Strike [R. 14]. [R. 19.] As explained above, [R. 16] will be construed as the Plaintiff's Response to the Defendant's Motion to Strike [R. 12.] Accordingly, the Defendant would be entitled to file a Reply to that response, pursuant to Local Rule 7.1(c). The Court will construe [R. 18] as the Defendant's Reply in support of its Motion to Strike [R. 14.] Accordingly, that filing is proper under the Local Rules. The Plaintiff does not present a coherent argument as to why [R. 18] should be stricken. Accordingly, the Plaintiff's Motion to Strike [R. 19] will be denied.

The Plaintiff also filed a second Reply in support of her Motion for Summary Judgment. [R. 21.] This filing is a sur-reply because the Plaintiff had already filed a Reply in support of that Motion. [R. 20.] The sur-reply was unauthorized because the Court never gave the Plaintiff permission to file it. The Court declines to authorize this sur-reply because it merely asks the Court to "speed up summary judgment" and does not present new arguments or evidence. *See Chenault*, 2019 U.S. Dist. LEXIS 84433, at *8-*9. The Plaintiff's Reply at [R. 21] will be stricken as an unauthorized sur-reply.

Next, the Plaintiff filed a memorandum "For the Naming of Defendant in the Order of Summary Judgment." [R. 23.] This filing appears to ask the Court to state the Defendant is also known as Scott County Board of Education in its summary judgment order. The Plaintiff

includes text from a Western District Case which states, "the Jefferson County School District (also known as Jefferson County Board of Education)." The Court cannot interpret a request for relief in this memorandum apart from a recommendation for how the Court should draft its eventual order.

Finally, the Plaintiff filed a memorandum on Federal Rule of Civil Procedure 17(b)(3)(A). [R. 26.] This appears to be a further argument in opposition to the Defendant's Motion to Dismiss, as it claims Scott County Schools and Great Crossing High School can be sued under that Rule. *Id.* Therefore, this filing constitutes a sur-reply, which this Court did not authorize. Though the Plaintiff presents a new argument, she does not ask the Court for permission to file this memorandum. The Court will strike this filing as an unauthorized sur-reply.

### III

Collectively, the Court will strike the following docket entries as improper sur-replies: R. 12, R. 13, R. 21, and R. 26. That leaves a pending Motion to Dismiss [R. 8], Response to the Motion to Dismiss [R. 9; R. 10] and Reply in support of the Motion to Dismiss [R. 11]. Pursuant to Local Rule 7.1(c), this Motion is fully briefed and has been submitted to the Court for decision. There is also a pending Motion for Summary Judgment [R. 15], with a Response [R. 17] and Reply in support [R. 20]. This Motion is also fully briefed and has been submitted to the Court for decision. The Court will turn to these motions in due time. While the parties may desire for the Court to resolve their dispute expediently, this case is one of hundreds on the Court's active docket. This matter will be treated on the same timeline and with the same respect as any other matter in this Court.

Accordingly, it is hereby **ORDERED** as follows:

4

1. The Plaintiff's Motion to Dismiss the Defendant's Motion to Dismiss and accompanying memorandum **[R. 9; R. 10]** are to be **CONSTRUED** as a Response to the Motion to Dismiss **[R. 8]**;

2. The Defendant's Motion to Strike **[R. 14]** will be **GRANTED**;

3. The Plaintiff's Motion to Dismiss the Defendant's Motion to Dismiss **[R. 12]** and Reply **[R. 13]** are to be **STRICKEN** as improper sur-replies;

4. The Plaintiff's Motion to Strike the Defendant's Motion to Strike **[R. 16]** is **CONSTRUED** as a Response to the Defendant's Motion to Strike **[R. 14]**;

5. The Plaintiff's Motion to Strike **[R. 19]** is **DENIED**;

6. The Plaintiff's Response to the Defendant's Response to the Motion for Summary Judgment **[R. 21]** is to be **STRICKEN** as an improper sur-reply;

7. The Plaintiff's Memorandum on FRCP 17(b)(3)(A) **[R. 26]** is to be **STRICKEN** as an improper sur-reply, and;

8. The Defendant's Motion for Hearing **[R. 29]** is **DENIED**.

This the 16th day of February, 2022.

Gregory F. Van Tatenhove
United States District Judge