UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| WEI QIU, ) | |
| ) | |
| Plaintiff, ) | Civil No. 5:21-cv-00197-GFVT |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| SCOTT COUNTY SCHOOLS, *also known* ) | **&** |
| *as Great Crossing High School*, ) | **ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on multiple pending motions. Proceeding *pro se*, Ms. Qiu brought this action alleging Scott County violated Title VII by discriminating against her on the basis of her race, color, and national origin. [R. 1.] She claims she was not hired for a chemistry teacher position because of her Chinese accent. *Id.* at 5. In turn, the Court will resolve the pending (1) Motion to Dismiss, (2) Motion for Summary Judgment, and (3) Motion to Amend.[1] [R. 8; R. 15; R. 32.]

I

Ms. Qiu applied for two chemistry teacher positions with Great Crossing High School around July 2020. [R. 1 at 5.] At the time, she had two and a half years of experience and was a "Kentucky licensed chemistry teacher." *Id.* She claims she was "well qualified" for the positions. *Id.* Ms. Qiu does not provide details about the first position she applied for but explains that she was "excluded" from the second after the principal called to ask about her

---

[1] This case is very similar to another filed by the Plaintiff in this Court against a second Kentucky public high school, also for employment discrimination. *Qiu v. Anderson Cnty. High School et al.*, 3:21-cv-00027-GFVT. That case presents nearly the same issues as are present here. For consistency, the Court's Orders in each case will share some analysis and conclusions.

resume and heard her accent. *Id*. She alleges this constitutes national origin and race discrimination in violation of Title VII. *Id*. Ms. Qiu filed a complaint with the EEOC on December 31, 2020 and received a Right to Sue letter on May 28, 2021. *Id.* at 6. She filed this complaint on July 15, requesting relief in the form of wages, medical insurance, dental and visual insurance, and retirement funds. *Id.* at 7.

## II

The Court recognizes that it is to liberally construe Ms. Qiu's pleadings because she is proceeding *pro se*. *See Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016). This approach is balanced by the fact that the Plaintiff is still bound by the Federal Rules of Civil Procedure and this District's Local Rules. *See Martinez v. Litteral*, 2020 U.S. Dist. LEXIS 142289, at *2 (E.D. Ky. May 13, 2020) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Ms. Qiu is aware that she is subject to these rules. [R. 4.] The Court will address each of the pending motions within that framework.

### A

The first pending motion is Scott County's Motion to Dismiss. They ask the Court to dismiss the action because (1) the named Defendant is not a *sui juris* entity, (2) the summons was deficient for not identifying an individual who can receive service for a defendant, and (3) service was not effectuated because there is no proof that process was served on an individual able to receive it. [R. 8 at 2-4.] In response, Ms. Qiu filed a "Motion to Dismiss the Motion to Dismiss," pointing out "lies" and "exclusions" of the Defendant. [R. 9 at 1-16.] She also claims Title VII applies to school districts, allowing them to be sued, and includes other cases listing a school district as a defendant. *Id.* at 17-22. Further, she states the summons is sufficient because the defendants she listed are "short forms" for the Board of Education but asks for permission to

amend it. *Id.* at 23. By prior Order, the Court construed this "Motion" as a response to the Motion to Dismiss. [R. 31 at 2]

**1**

Scott County first bases its Motion to Dismiss on the Plaintiff's failure to name the correct defendant. [R. 8 at 2-3.] The Kentucky Supreme Court has definitively held the proper defendant for an action against a Kentucky public school is the governing Board of Education. *Forte v. Nelson Cnty. Bd. of Educ.*, 337 S.W.3d 617, 625 (Ky. 2011). This ground for dismissal is resolved by the Plaintiff's Motion to Amend her Complaint to name the Scott County Board of Education as the Defendant. [R. 32.] Scott County does not object to amendment. [R. 33.]

The Court can grant leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2) and should do so "freely" "when justice so requires." Amendments are especially encouraged in *pro se* proceedings, "particularly where deficiencies in a complaint are 'attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements.'" *Brown v. Matauszak*, 415 Fed. App'x 608, 614 (6th Cir. 2011) (quoting *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990)). The Court is required to "allow ample opportunity for amending the complaint when it appears that the pro se litigant would be able to state a meritorious claim." *McCallum v. Gilless*, 38 Fed. App'x 213, 216 (6th Cir. 2002) (citations omitted). A "meritorious" claim is not necessarily a "winner," it need only be "non-frivolous." *Brown*, 415 Fed. App'x at 614. Ms. Qiu alleges that she was denied employment with Scott County due to her race, color, and national origin after the interviewer heard her Chinese accent. [R. 1 at 4-6.] This could constitute employment discrimination, so Ms. Qiu's claim is meritorious. Accordingly, and the parties being in agreement, the Court will grant Ms. Qiu's motion to amend the named defendant to the Scott County Board of Education. [R. 32.] Ms.

Qiu did not file a complete version of her amended complaint, so the Court grants her ten days following the entry of this Order to file a complete amended complaint. [*See* R. 32-1.] Accordingly, Scott County's Motion to Dismiss is denied as moot to the extent it claims the wrong defendant was named.

### 2

Scott County's latter arguments for dismissal challenge the sufficiency of the summons and service. It argues the summons issued in this matter was deficient because it was only addressed to "Scott County Schools," not an individual who can receive process. *Id.* at 3. It cites Rule 4(j)(2), which states a government organization can be served in the manner allowed by state law, and Kentucky Rule of Civil Procedure 4.04(7), which states a "public board" is served by serving a member of the board. Therefore, it claims the summons was deficient for naming "Scott County Schools" and not an individual who could receive service for the organization. [R. 8 at 3-4.]

This argument is not in accord with the text of Rule 4(a)(1), which states that a summons must contain the name of the court and the parties and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1). "The defendant" does not necessitate the summons be directed to someone who can be served o*n behalf of* an organization. Rather, the summons must only be directed to the defendant organization itself, then be served on someone authorized to receive service. The summons was not deficient because it did not name an individual; rather, it was deficient because it named "Scott County Schools" as the Defendant. As explained above, a Kentucky public school's governing Board of Education is a necessary party to a lawsuit against the school. *Forte*, 337 S.W.3d at 625. The summons should have been directed to the Scott County Board of Education. Because Rule 4(a)(2) allows the Court to "permit a summons to be amended," the

Court will grant Ms. Qiu thirty days to file an amended summons naming the correct defendant.[2] Fed. R. Civ. P. 4(a)(2).

Scott County is correct that the summons was not properly served. They claim Ms. Qiu's proof of service does not identify an individual on whom she accomplished service. [R. 8 at 4.] Rather, it indicates she "sent the summons and complaint to Scott County Schools . . . by certified mail." [R. 7 at 2.] She attaches the certified mail receipt and tracking information. *Id.* at 3-5. Certified mail is not a proper method of effectuating service on a state government organization, so the attempted service was inadequate. Fed. R. Civ. P. 4(j)(2); Ky. R. Civ. P. 4.04(7).

Rule 4(m) states service must be effectuated within ninety days after the complaint is filed but allows the court to order service be made in a specified time if the defendant is not served in that timeframe. The Sixth Circuit prefers courts to allow a second attempt to properly serve the defendant, rather than dismiss the case for improper service. *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1952) ("if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later.") The Court further notes that Ms. Qiu attempted to ensure that the entity she reasonably believed was the correct defendant received the summons by using certified mail and tracking the package to confirm it was delivered. Accordingly, pursuant to Rule 4(m) and Circuit preference, the Court will grant Ms. Qiu another thirty days to properly effectuate service under Rule 4(j).

---

[2] Courts in this District have regularly allowed *pro se* plaintiffs an opportunity to correct their summons and properly effectuate service. *See Howard v. Hopp*, 21-cv-11247, 2022 U.S. Dist. LEXIS 69178, at *17 (E.D. Mich. Apr. 14, 2022); *Finley v. Blue Cross Blue Shield*, 1:20-cv-00215-DCLC-SKL, 2021 U.S. Dist. LEXIS 24924, at *3 (E.D. Tenn. Feb. 19, 2021); Craig *v. Dep't of Children's Servs.*, 2:17-cv-02522-SHM-cgc, 2018 U.S. Dist. LEXIS 191578, at *8 (W.D. Tenn. Nov. 8, 2018); *Carter v. United States*, 1:17-cv-248, 2017 U.S. Dist. LEXIS 154381, at *4 (S.D. Ohio Sept. 21, 2017). This reflects the general preference not to dismiss *pro se* actions for procedural violations committed by non-professional advocates. *See Brown*, 415 Fed. App'x at 614-15.

**B**

Ms. Qiu also filed a motion for summary judgment. [R. 15.] Technically, summary judgment is available "any time until 30 days after the close of all discovery," but it usually does not occur while a motion to dismiss is pending and the defendant has not answered the complaint, as is the case here. Summary judgment is also inappropriate when the parties have not had adequate time to engage in discovery. *Maki v. Laakko*, 88 F.3d 361, 367 (6th Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)); *White's Landing Fisheries v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994).

Ms. Qiu claims she is entitled to summary judgment because Scott County's Motion to Dismiss does not dispute the facts raised in her complaint. [R. 15 at 1.] This is true, but only because it has not yet filed its answer to the complaint—which would presumably dispute many of its operative factual allegations—because there is a pending motion to dismiss. Rule 12(a)(4) allows a defendant to wait until its motion to dismiss has been resolved before filing their answer. Fed. R. Civ. P. 12(a)(4). Scott County has not yet had the opportunity to dispute the facts in the complaint *or* conduct discovery on those claims, so summary judgment is inappropriate. Ms. Qiu's single statement that Scott County has not disputed her facts is insufficient to establish that there is no genuine issue of material fact. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Further, she presents no legal argument as to why she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Her motion for summary judgment will be denied without prejudice, so she is free to re-file the motion when summary judgment is appropriate.

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendant's Motion to Dismiss **[R. 8]** is **DENIED WITHOUT PREJUDICE** to the extent it claims the summons and service were deficient and **DENIED AS MOOT** to the extent it claims the wrong defendant was named;

2. The Plaintiff's Motion for Summary Judgment **[R. 15]** is **DENIED WITHOUT PREJUDICE**;

3. The Plaintiff's Motion to Amend **[R. 32]** is **GRANTED** and the Plaintiff is **ORDERED** to file a complete amended complaint into the record within **ten (10) days** following the entry of this Order;

4. Once the complete amended complaint is filed, the Clerk is **DIRECTED** to file the amended complaint into the record;

5. The Court **GRANTS** the Plaintiff **thirty (30) days** following the entry of this Order to file an amended summons and effectuate service of process.

This the 9th day of May, 2022.

Gregory F. Van Tatenhove
United States District Judge