UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| WEI QIU, | ) |
|    Plaintiff, | ) Civil No. 5:21-cv-00197-GFVT |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| BOARD OF EDUCATION OF SCOTT COUNTY, KENTUCKY, | ) **&** |
| | ) **ORDER** |
|    Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on two Motions to Amend the Complaint. [R. 47; R. 50.] Proceeding *pro se*, Ms. Qiu brought this action alleging Scott County violated Title VII by discriminating against her on the basis of her race, color, and national origin. [R. 1.] She claims she was not hired for a chemistry teacher position because of her Chinese accent. *Id.* at 5. The Court previously allowed Ms. Qiu to amend her Complaint to name the correct defendant and the parties have proceeded to discovery. [R. 34.] Ms. Qiu now asks the Court for leave to amend her Complaint again, adding new allegations of discrimination. [R. 47; R. 50.] For the reasons that follow, both Motions will be **DENIED**.

I

Ms. Qiu applied for a chemistry teacher position with Great Crossing High School in July 2020. [R. 1 at 5.] At the time, she had two and a half years of experience and was a "Kentucky licensed chemistry teacher." *Id.* She claims she was "well qualified" for the position. *Id.* The Principal, Joy Lusby, called her on July 13 with a question about her resume. *Id.* A different candidate was hired for the position the same day. *Id.* Ms. Qiu believes she was not hired

because Ms. Lusby heard her accent on their phone call. *Id.* She filed a complaint with the EEOC on December 31, 2020 and received a Right to Sue letter on May 28, 2021. [R. 1-1; R. cite.] She filed this complaint on July 15, requesting relief in the form of wages, medical insurance, dental and visual insurance, and retirement funds. *Id.* at 7. She now asks to amend her Complaint to add new instances of discrimination that she found during discovery. [R. 47; R. 50.]

## II

The Court recognizes that it is to liberally construe Ms. Qiu's pleadings because she is proceeding *pro se*. *See Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016). This approach is balanced by the fact that the Plaintiff is still bound by the Federal Rules of Civil Procedure and this District's Local Rules. *See Martinez v. Litteral*, 2020 U.S. Dist. LEXIS 142289, at *2 (E.D. Ky. May 13, 2020) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

The Court can grant leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2) and should do so "freely" "when justice so requires." Justice does not require leave to amend if the requested amendment would be futile. *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993). Amendment is futile if the amended complaint would not survive a motion to dismiss. *Id.* While pro se complaints are granted more leniency than those drafted by attorneys, they still must state a plausible claim for relief to survive a motion to dismiss. *Ogle v. Columbia Gas Transmission, LLC*, 513 Fed. App'x 520, 522 (6th Cir. 2013). Accordingly, a pro se litigant's proposed amended complaint must state a plausible claim for relief to warrant leave to amend.

Ms. Qiu asks to amend her Complaint to add a number of new instances of alleged discrimination that she found during discovery. [R. 47; R. 50.] She lists applications she

submitted and subsequent correspondence, all of which she claims was ignored due to her national origin.  *Id.*  One allegation relates to Great Crossing High School Principal Joy Lusby.  [R. 50.]  The others involve other principals and school officials, though Ms. Qiu does not state which schools they were employed by at the time.  [R. 47.]  Scott County objects to the Motions to Amend.  It claims the Motions should be denied as futile because the new allegations are "barred by the statute of limitations and failure to exhaust administrative remedies with the [EEOC.]"  [R. 49 at 1; R. 56 at 1.]

The Court will deny the Motions to Amend because they are futile.  Plaintiffs pursuing discrimination claims under Title VII must exhaust their administrative remedies by timely filing a charge with the EEOC.  *Williams v. CSX Transp. Co., Inc.*, 643 F.3d 502, 507-08 (6th Cir. 2011) (citing 42 U.S.C. § 2000e–5(e), (f); *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010)).  Ms. Qiu has not provided documentation that she filed a charge with the EEOC alleging any of these new acts of discrimination.  The charge preceding this case only alleges Principal Lusby discriminated against her in July 2020.  [R. 49-1.]

The Sixth Circuit has held that, because employees typically pursue Title VII claims pro se, their complaints alleging discrimination are construed liberally.  *Younis*, 610 F.3d at 362.  Courts can consider discrimination claims not raised in an EEOC charge if they "are reasonably related to or grow out of the factual allegations in the EEOC charge."  *Id.*  Ms. Qiu's charge only raised one discrete instance of alleged discrimination: Ms. Lusby's decision not to hire her in July 2020 after hearing Ms. Qiu on the phone.  [R. 49-1.]  This discrete allegation would not "prompt the EEOC to investigate" the different, uncharged claims she now asks to add to her Complaint.  *Younis*, 610 F.3d at 362 (quoting *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir.1998)).  The new allegations are not reasonably related to the allegation in the EEOC charge,

3

so Ms. Qiu failed to exhaust her administrative remedies on those claims and they would not survive a motion to dismiss. Consequently, her requested amendments are futile and the Court denies her Motions to Amend.

In Reply, Ms. Qiu stated she did not know she had been discriminated against when these events occurred. [R. 51.] She is invoking what is commonly referred to as a discovery rule, which sometimes tolls the statute of limitations. *See Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003). Administrative exhaustion is a distinct requirement from the statute of limitations, so whether she knew of the discrimination is irrelevant. She still must present these allegations to the EEOC before she can pursue them in federal court.

Ms. Qiu also invokes the Rule governing amendment, which states that leave to amend should be freely granted when justice so requires. [R. 57 at 1 (citing Fed. R. Civ. P 15(a)(2)).] She suggests that justice requires amendment because even if these allegations were presented to the EEOC, the defendant would refuse to settle and they would nevertheless proceed to this Court. *Id.* at 2. But the Supreme Court has explicitly held that futility of amendment is a reason not to "freely give" leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Ms. Qiu did not exhaust her administrative remedies on these discrimination allegations, so amendment is futile and leave to amend is not warranted.

III

Accordingly, and the Court being sufficiently advised, the Plaintiff's Motions to Amend **[R. 47; R. 50]** are **DENIED**.

This the 13th day of October, 2022.

Gregory F. Van Tatenhove
United States District Judge