UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:21-CV-00197-GFVT-EBA

WEI QIU,                                                                                                    PLAINTIFF,


V.                                          **ORDER AND RECOMMENDATION**


BOARD OF EDUCATION OF
SCOTT COUNTY, KENTUCKY,                                                               DEFENDANT.


\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on several discovery-related motions filed by the Plaintiff, Wei Qiu. [R. 60, 63, 64, 65, 66, 67, 68, 80, & 81]. Proceeding *pro se*, Qiu alleges that Defendant Board of Education of Scott County, Kentucky ("Scott County") violated Title VII of the Civil Rights Act by discriminating against her in its hiring for a teaching position at Great Crossing High School ("GCHS"). Qiu's pending motions allege discovery misconduct by the Defendant and its attorneys and seek case-ending sanctions and judgment in Qiu's favor. For the reasons stated herein, Qiu's motions shall be **DENIED**.

**I.**

**A. Events Underlying Qiu's Lawsuit**

Qiu's lawsuit arises from allegations that Defendant's employees discriminated against her because of her race, color, and national origin. [R. 1]. She applied for two chemistry teacher positions at Great Crossing High School ("GCHS") in Scott County, Kentucky in July 2020. [*Id.* at pg. 5]. She claims she had over two years of experience upon applying for the teaching positions. [*Id.*]. After applying for the teaching positions, Qiu e-mailed GCHS Principal Joy

Lusby about her application.  [*Id.*].  The following day, on July 14, 2020, Qiu alleges that Lusby

called her to inquire about her resume.  [*Id.*]  Qiu claims that after speaking with her, Lusby did

not hire her for the teaching position due to her Chinese accent.  [*Id.*].  Qiu further alleges that

GCHS hired another applicant the same day.  [*Id.*].

Based on the above allegations, Qiu filed a complaint with the United States Equal

Employment Opportunity Commission ("EEOC") claiming that Defendant violated Title VII of

the Civil Rights Act for not hiring her due to her race and national origin.  [R. 1-1].  On

May 28, 2021, she received a Right to Sue letter from the EEOC.  [*Id.*].  She filed the instant

lawsuit on July 15, 2021, seeking the Court to grant relief in the form of "what [she] lost" after not

being hired by Defendant due to its discriminatory conduct.  [R. 1].

### B. Early Procedural History

On September 21, 2021, Defendant moved to dismiss the action because (1) the named

Defendant is not a *sui juris* entity; (2) the summons was deficient as it did not identify an individual

who could receive service for a defendant; and (3) service was not effectuated because there was

no proof of process.  [R. 8 at pg. 2–4].  Qiu responded,[1] discussing Defendant's "lies" and

omissions in contrast to the facts alleged in the Complaint.  [R. 9].  She also argued that Title VII

allows school districts to be sued and that her summons was sufficient because she listed Defendant

in "short form[]."  [*Id.* at 17–22].  Qiu further asked for permission to amend the summons.

[*Id.* at pg. 23].  Ultimately, the Court denied Defendant's motion without prejudice, allowed Qiu

to amend the Complaint to properly name Defendant, and ordered Qiu to effectuate service within

thirty days of its Order according to Fed. R. Civ. P. 4(m) and (j).  [R. 34 at pg. 3–5].

Throughout the briefing period of Defendant's Motion to Dismiss, Qiu filed numerous

---

[1] Qiu's filing was styled as a "Motion to Dismiss the Defendant's Motion to Dismiss," which the Court construed as a Response to Defendant's Motion to Dismiss.  [R. 31].

pleadings that the Court carefully reviewed, construed, and struck from the record when necessary. For instance, the Court struck Qiu's "Motion to Dismiss the Defendant's Motion to Dismiss," [R. 12], and Response to the Defendant's Reply in support of its Motion to Dismiss, [R. 13], as unauthorized sur-replies. [R. 31 at pg. 2]. The Court further noted that the arguments made therein were repetitive of Qiu's earlier arguments made in her Response to Defendant's Motion to Dismiss. [*Id.*]. The Court also struck Qiu's memorandum concerning Federal Rule of Civil Procedure 17(b)(3)(A) as an unauthorized sur-reply to Defendant's Motion to Dismiss. [*Id.* at pg. 4].

Upon denying Defendant's Motion to Dismiss and Qiu's Motion for Summary Judgment, *see* [R. 34], Qiu filed an Amended Complaint. [R. 35]. A summons directed to Defendant was also issued and returned executed. [R. 36 & 37]. Defendant filed an Answer to the Amended Complaint on June 6, 2022. [R. 38]. Shortly thereafter, Qiu filed a "Motion to Reply to #38 the Answer to the Complaint," contending that Defendant denied the allegations set forth in the Amended Complaint in "bad faith" and, again, accusing Defendant of lying in its Answer. [R. 39]. The Court denied Qiu's motion as being inappropriate, because fact discovery had not yet occurred; and that her motion did not comply with Local Rule 7.1(a), which requires every motion to "state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it." [R. 31 at pg. 2] (quoting LR 7.1(a)). Qiu subsequently filed a "Motion to Ask to Settle or Order the Case," wherein she informed the Court that "[t]his case does not need discovery" because of the clarity of the issues presented in her Amended Complaint. [R. 41 at pg. 1]. As in previous filings, Qiu's motion was replete with accusations that Defendant "lie[d]" or acted in bad faith. [*Id.*]. The Court denied Qiu's motion, noting again that there were no legal grounds for her motion and that, moreover, the Court cannot require parties to settle a case. [R. 45].

**C. Qiu's Discovery Motions**

The Court entered a Scheduling Order on July 18, 2022, instructing parties to complete discovery by November 11, 2022. [R. 52].   Shortly after the parties commenced discovery, Qiu began filing motions alleging discovery misconduct by the Defendant and its attorneys.   Each motion moves the Court to impose case-ending sanctions and to enter judgment in Qiu's favor, including an award of damages incurred as a result of Defendant's Title VII violations.

First, on August 30, 2022, Qiu moved the Court to "put the case to the end" due to Defendant and its lawyers' "lies" to the EEOC and to this Court. [R. 60 at pg. 1].  In substance, Qiu's motion contends that (1) Lusby lied in the affidavit she submitted to the EEOC during its investigation; (2) Lusby's affidavit is inconsistent with Defendant's response to Interrogatory No. 1; and (3) Defendant improperly objected to a request for production because it objected to Qiu's definition of "interview records."  [*Id.*].

In her affidavit, Lusby stated that, prior to formal interviews, she conducted a phone interview with each applicant to confirm they were still interested in the teaching position. [R. 60-1 at pg. 1].  She further stated that during her July 14, 2020 call with Qiu, Qiu only expressed a desire to teach upper-level and AP chemistry.  [*Id.*].  Qiu compares Lusby's statements to Defendant's response to Interrogatory No. 1, which stated that Qiu and Dylan Perraut were interviewed on July 14, 2020.   Qiu asserts that the affidavit and interrogatory response are irreconcilable, and that the differing account of Defendant's hiring for the teaching position is indicative of dishonesty by Defendant and its attorneys.   Defendant responds, first, that its interrogatory response was consistent with Lusby's affidavit, and the "minor difference in language . . . do[es] not make those documents inconsistent, let alone establish that [Defendant] or its attorneys lied." [R. 61 at pg. 3].  Second, Defendant responds that even though it objected to Qiu's use of the term "interview records," it did supply responsive documents while not waiving

that objection. [*Id.* at pg. 4]. Qiu replied by reasserting the arguments in her motion: that (1) Lusby's affidavit is inconsistent with Defendant's interrogatory response, and (2) Defendant's attorneys lied to the EEOC and are currently lying to the Court. [R. 62].

Second, on September 22, 2022, Qiu filed another discovery motion relating to her request for interrogatories. [R. 63]. There, she again alleges that defense counsel lied to and misled the Court by failing to produce interview records because Qiu's request was vague. [*Id.*]. Qiu asserts that her request was not vague and concludes that, by not producing the interview records she requests, the Defendant is attempting to hide discovery. [*Id.*]. Defendant argues that the discovery request at issue was identical to the discovery request identified in Qiu's prior motion, [R. 60], and that it responded by e-mail that there were no further responsive documents beyond those produced in response to Qiu's first request. [R. 71 at pg. 1–2]. Qiu replied that Defendant's response was inadequate because it did not attach the interrogatories as exhibits to its filing. [R. 77].

Qiu's next four motions were all filed on September 26, 2022. Third, Qiu alleges that Defendant destroyed interview notes, and that Defendant lied in its August 22, 2022 discovery response when, through its discovery responses, it indicated that such notes did not exist. [R. 64]. Qiu also alleges that Defendant violated a recordkeeping requirement under Title VII's regulatory scheme. [*Id.* at pg. 2]. Again, Qiu accuses Defendant and its attorneys of lying to her and the Court. Fourth, Qiu again alleges that Defendant destroyed interview records that would prove that Defendant discriminated against Qiu in hiring for the teaching position. [R. 65]. Fifth, Qiu conclusorily accuses Defendant's attorneys of affirmatively lying on Defendant's behalf. [R. 66]. Sixth, Qiu's motion reiterates the alleged inconsistencies between Lusby's affidavit and Defendant's responses to Qiu's interrogatories, and again alleges that Defendant and its attorneys have lied during discovery. [R. 67]. To each of these motions, Defendant responds that Qiu's assertions that it destroyed interview records are meritless because the interview records she seeks

(such as Lusby's interview notes) did not exist to begin with; there was no recordkeeping requirement for the subject interview records; and that Qiu cannot establish that Defendant has lied in any of its discovery responses. [R. 73]. In Reply, Qiu asserts that Defendant generally has lied throughout fact discovery, stating "Defendant is exemplary of telling lies—telling new lies to cover old lies by its needs to the situation;" and that Defendant's attorneys lied to the EEOC and to this Court. [R. 78 at pg. 3]. Moreover, Qiu asserts that Defendant's attorneys are actively coaching the Defendant to lie to the Court—"the lawyers abet, coach, guide their client to lie with their professional skill." [R. 78 at pg. 4].[2]

Seventh, on September 28, 2022, Qiu filed a "Memorandum on Defendant's Answer (#38) to the Amended Complaint and Motion to Prove Defendant's Bad Faith to Abuse Discovery," which again proliferates arguments about Defendant's alleged dishonesty throughout the duration of this action, including in its Answer and discovery responses. [R. 68]. She further lodges allegations that the Answer contains "pure lies" and that Defendant is "immoral" for attempting to "abuse discovery and protract the case." [*Id.*]. Defendant responded to the motion as if it is a motion to strike its Answer, which it argued was an inappropriate remedy because the Plaintiff has failed to show that Defendant did not adhere to Federal Rule of Civil Procedure 8 by denying in good faith the allegations set forth in Qiu's Amended Complaint. [R. 75 at pg. 3]. In Reply, Qiu asserts that Defendant "cripple[d] . . . its own credibility" by giving "complete general denial[s]" to the allegations in the Amended Complaint. [R. 79 at pg. 1]. Qiu again reiterates her factual disagreements with Defendant's discovery responses as it pertains to Lusby's affidavit. [*Id.*]. In sum, she argues that Defendant's Answer should be "denied and stricken for it is full of lies." [*Id.* at pg. 3].

---

[2] Qiu also alleges that Defendant's former attorney, Jessica Stigall, withdrew as counsel and even changed law firms because she lied to the EEOC and the Court. [R. 78 at pg. 1, 3].

Eighth, on October 24, 2022, Qiu filed a motion on "Defendant's Updated Lies," alleging that new affidavits "develop its lie about the interview records." [R. 80]. Specifically, Qiu takes issue with an updated version of Lusby's affidavit, and a new affidavit by Amie "Greshen" Willis. [*Id.*]. Both affidavits state that Willis and Lusby jointly interviewed applicants for the chemistry teacher position. [R. 80-5 at pg. 2 & R. 80-6 at pg. 2]. Qiu claims she never met Willis, and their affidavits further support her claims that "Defendant tells lies." [R. 80-5 at pg. 1]. No Response has yet been filed to this motion.

Nineth and most recently, on October 31, 2022, Qiu filed a motion on "Defendant's Forgery of Document," alleging that Defendant's representation during EEOC proceedings that there were five job applicants for the teaching position conflicts with discovery she received indicating that there were only three job applicants. [R. 81]. Accordingly, Qiu contends that the document reflecting there were three job applicants, [R. 81-3 at pg. 2], is forged. Qiu's motion further recites the same allegations set forth in each previous motion—that Defendant is lying, Defendant's attorneys are lying, and that the Court should end this case and grant her the relief requested in the Amended Complaint. [R. 81 at pg. 1–2]. No Response has yet been filed to this motion.

## II.

As a preliminary matter, Qiu is proceeding *pro se* and, therefore, the Court must liberally construe her pleadings. *See Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016); [R. 31 at pg. 1; R. 34 at pg. 2; R. 72 at pg. 2–3]. This is the "only special consideration" *pro se* litigants are afforded in federal district court. *Gueye v. U.C. Health*, No. 1:13-cv-673, 2014 U.S. Dist. LEXIS 141834, at *5 (S.D. Ohio Oct. 6, 2014). Accordingly, a *pro se* litigant must still comply with the Federal Rules of Civil Procedure and the Local Rules governing the Court. *Bonds v. Daley*, No. 2:17-cv-00008-DLB-EBA, 2018 U.S. Dist. LEXIS 88242, at *54 (E.D. Ky. Feb. 21, 2018) (citing *Gueye*,

No. 1:13-cv-673, 2014 U.S. Dist. LEXIS 141834, at *5).

There are several obligations to which *pro se* litigants are beholden relevant to the matter at bar.  First, as this Court has repeatedly reminded Qiu, any motion "must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it."  LR 7.1(a).  Stated differently, a party's failure to file a memorandum detailing the legal support for a motion is grounds for denying the motion.  *See e.g.*, *Stout v. Rees*, No. 3:06CV-P277-H, 2006 U.S. Dist. LEXIS 90568, at *17 (W.D. Ky. Dec. 13, 2006); *Saunders v. Ford Motor Co.*, No. 3:14-CV-00594-JHM, 2015 U.S. Dist. LEXIS 101659, at *2 n.1 (W.D. Ky. Aug. 3, 2015); *Uslmc, LLC v. Nova Health RT*, No. 3:18-CV-544-CRS, 2018 U.S. Dist. LEXIS 247405, at *9 (W.D. Ky. Jan. 4, 2019) (commenting that only "routine motions—such as motions for an extension of time"—are excepted from this requirement); *Smolko v. Mapei Corp.*, No. 6:21-CV-25-CHB-HAI, 2021 U.S. Dist. LEXIS 254729, at *6 (E.D. Ky. Nov. 15, 2021).  Not only are parties bound by this Court's Local Rules to state with particularity their grounds for relief, the Federal Rules of Civil Procedure further mandate that a motion must "state with particularity the grounds for seeking the order" and the "relief sought."  Fed. R. Civ. P. 7(b)(1)(B)–(C); *see also Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 712, 717 (6th Cir. 2015).

*Pro se* litigants are further obliged "to show appropriate courtesy and respect to opposing counsel."  *Gueye*, 2014 U.S. Dist. LEXIS 141834, at *5.  A litigant, for instance, "is not entitled to make unfounded ad hominem attacks on opposing counsel."  *Id.* (citing *McKenna v. Nestle Purina PetCare Co.*, No. C2-05-976, 2011 U.S. Dist. LEXIS 2579, at *4 (S.D. Ohio Jan. 3, 2011)).  "Unnecessary ad hominem attacks have no place in a proper court filing."  *Huff v. FirstEnergy Corp.*, No. 5:12cv2583, 2014 U.S. Dist. LEXIS 74186, at *19 (N.D. Ohio May 29, 2014).  Furthermore, a *pro se* litigant "is not entitled to abuse the court system and its judicial officers, bombard the court with frivolous pleadings, and harass [her] opponent."  *Bonds*, 2018 U.S. Dist.

LEXIS 88242, at *55 (quoting *Gueye*, 2014 U.S. Dist. LEXIS 141834, at *5). As this Court has

previously noted,

> Any person proceeding *pro se* who repeatedly makes frivolous and/or abusive filings abuses the right to represent herself without counsel and imposes a heavy burden upon the resources of the court at the expense of other litigants with potentially meritorious claims. Simply put, this conduct is not appropriate and should not be tolerated.

*Wesley v. Accessible Home Care*, Civil Action No. 5: 18-200-DCR, 2018 U.S. Dist. LEXIS

206120, at *7 (E.D. Ky. Dec. 6, 2018) (Reeves, J.). When litigants abuse their right to access the

courts by acting unethically, frivolously, or vexatiously, "the Court may impose sanctions as may

be necessary and appropriate to deter such conduct[.]" *Id.* (citing *Chambers v. NASCO, Inc.*, 501

U.S. 32, 44–45 (1991)).

The Court's power to sanction an obstinate party's conduct may be derived from at least

two sources. First, the Court may rely on Federal Rule of Civil Procedure 11 to impose appropriate

sanctions when a party files any pleading or motion without a supportable and good faith basis in

law and fact. *Bonds*, 2018 U.S. Dist. LEXIS 88242, at *57; *see also Chambers*, 501 U.S. at 50

(noting that the district court "could have employed Rule 11 to sanction [the plaintiff] for filing

'false and frivolous pleadings[]'"). Second, the Court can exercise its "inherent power to police

itself" when a party engages in frivolous and harassing litigation conduct. *Chambers*, 501 U.S. at

46; *In re Smothers*, 322 F.3d 438, 442 (6th Cir. 2003) (courts have the inherent authority to

maintain respect and decorum); *Mitan v. International Fid. Ins. Co.*, 23 Fed. Appx. 292, 298

(6th Cir. 2001) ("The federal courts' inherent power to protect the orderly administration of justice

and to maintain the authority and dignity of the court extends to a full range of litigation abuses.").

### III.

In this case, Qiu has filed a plethora of motions attacking the veracity of filings and

discovery produced by Defendant. [R. 60, 63, 64, 65, 66, 67, 68, 80, & 81]. Construed most

leniently, based on the relief sought by Qiu (dismissal of this action and judgment in her favor), the Court construes these motions as motions for sanctions. *See Algie v. N. Ky. Univ.*, 456 F. App'x 514, 518 (6th Cir. 2012) ("When a pro se party seeks discovery sanctions, but does not cite or address Rule 37, a court may construe the motion as a Rule 37 request for sanctions").  However, none of these motions are accompanied by a certification that the parties have conferred to resolve discovery-related disputes extrajudicially, as required by the Court's Scheduling Order, Local Rule 37.1, and Federal Rule of Civil Procedure 37.  [R. 52]; LR 37.1; Fed. R. Civ. P. 37(1)(1) (a motion under Rule 37 "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action").

Even construing Qiu's motions as motions for sanctions, Qiu still does not offer an adequate legal basis for the Court to grant the relief she seeks.  From this Court's deduction, the motions solely seek this case's ultimate dismissal and judgment in Qiu's favor.  She does not move the Court to compel production or discovery, nor does she cite with specificity how Defendant or its attorneys have violated the Federal Rules governing discovery beyond her conclusory allegations of deceit.  In short, none of the motions offer the legal or factual support that would merit sanctioning the Defendant, let alone employing the sanction of dismissal.  For these reasons alone, the record supports denying Qiu's motions.  Additionally, the Court notes that Qiu has consistently failed to cite with particularity the legal foundation for her motions throughout the duration of this litigation.  This Court's warnings that her motions must be substantiated with legal argumentation evidently have not deterred such conduct. *See e.g.* [R. 31 at pg. 2; R. 42 at pg.1; R. 45 at pg. 1].  Moreover, Qiu has several actions pending against various school districts across

the Commonwealth of Kentucky where she is proceeding *pro se*.[3]   Based on her ostensible

familiarity with federal district court practice, and this Court's explicit and repeated warnings, the

Court observes that Qiu is well-aware that the filing of a motion without any legal support could

result in the summary denial of said motion.

More troubling than her motions' lack of legal support is Qiu's reliance on ad hominem

attacks directed at Defendant and its lawyers.  The record is abounding with unrestrained attacks

on defense counsel's integrity and professionalism.  Most recently, Qiu has alleged not only that

Defendants and their attorneys have lied to the Court, but that they provided Qiu forged documents

during discovery.  *See* [R. 81].  The Court takes "allegations of doctored evidence, forgery, fraud,

and dishonesty very seriously"; however, to-date, all Qiu's accusations are without any evidentiary

support.  *Brooks v. Whirlpool Corp.*, No. 1:10-cv-01098-JDB-cgc, 2011 U.S. Dist. LEXIS 94245,

at *5 n.1 (W.D. Tenn. Aug. 23, 2011).  The Court perceives that Qiu passionately disagrees with

the discovery offered by Defendant and that Defendant's version of events is contrary to her own

in several ways.  The way to challenge Defendant's evidence, however, is not by filing accusatory

and baseless motions into this Court's record.  Such motion practice is not appropriate.  Instead, a

party should seek additional discovery that support her claims or refute claims asserted by the

opposing party.

Qiu is again cautioned that future motions filed without a legal basis may be summarily

denied as violative of Local Rule 7.1(a) and Federal Rule of Civil Procedure 7(b)(1).  Further, if

---

[3] Qiu has two other actions pending in the Eastern District of Kentucky.  *Qiu v. Anderson County High School et al.*, Civil Action No. 3:21-cv-00027-GFVT-MAS (E.D. Ky. 2021); *Qiu v. Board of Education of Woodford County Public Schools*, Civil Action No. 5:22-cv-00196-DCR-HAI (E.D. Ky. 2022).  Qiu also has six actions pending in the Western District of Kentucky.  *Qiu v. Board of Education of Bowling Green Independent Schools, KY*, Civil Action No. 1:22-cv-00062-GNS (W.D. Ky. 2022); *Qiu v. Board of Education of Oldham County Schools, Ky*, Civil Action No. 3:22-cv-00284-CHB (W.D. Ky. 2022); *Qiu v. Board of Education of Nelson County Schools, KY*, Civil Action No. 3:22-cv-00334-DJH-CHL (W.D. Ky. 2022); *Qiu v. Board of Education of Oldham County Schools, KY*, Civil Action No. 3:22-cv-00383-CHB (W.D. Ky. 2022); *Qiu v. Board of Education of Jefferson County Public Schools, Kentucky*, Civil Action No. 3:22-cv-00529-DJH-CHL (W.D. Ky. 2022).

Qiu files future motions containing baseless accusations or ad hominem attacks directed at Defendant or opposing counsel, such motions will not be well-received.  As discussed above, the Court maintains the power to strike the filings from the record or impose appropriate sanctions if a *pro se* litigant files motions or pleadings that are frivolous, harassing, or fail to exhibit the respect and decorum expected of all litigants that come before the Court.

**IV.**

For the reasons stated herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff Qiu's motions [R. 60, 63, 64, 65, 66, 67, 68, 80, & 81] are **DENIED**.

**IT IS RECOMMENDED** that:

1.    Plaintiff Qiu is hereafter **PERMANENTLY BARRED** from filing any document in Civil Action No. 5:21-CV-197-GFVT-EBA unless she first obtains a certification from a United States Magistrate Judge for the Eastern District of Kentucky assigned to the case.  The Court will grant such approval only after determining that the proposed filing is not frivolous and is not filed for any improper purpose.

2.    In order to obtain such approval to file any document, Qiu **MUST SUBMIT ALL OF THE FOLLOWING** with the document: (a) a copy of this Order; (b) a motion asking for the Court's permission to file the document and a statement of reasons that the Court's permission should be granted; and (c) the appropriate filing fee or a fully completed Application to Proceed in District Court without Prepaying Fees or Costs.

3.    Upon receipt of any document from Plaintiff Qiu, the Clerk of Court shall: (a) scan the original document and enter it into the record as a miscellaneous document; and (b) send the original document back to the plaintiff accompanied by correspondence indicating that the document has been filed but will not be acted upon by the Court unless the assigned Magistrate

Judge certifies the filing as mandated in the preceding paragraph.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(1).

Signed November 9, 2022.



Signed By:

*Edward B. Atkins*

United States Magistrate Judge