UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| WEI QIU, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:21-cv-00197-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| BOARD OF EDUCATION OF SCOTT COUNTY, KENTUCKY, | ) | **&** |
| | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on a recommendation entered by Magistrate Judge Atkins. [R. 82.] Judge Atkins resolved nine discovery-related motions filed by Ms. Qiu. *Id.* These motions alleged discovery misconduct by counsel for the Defendant and seek "case-ending sanctions" and judgment in Ms. Qiu's favor. *Id.* at 4. Judge Atkins denied all nine Motions. *Id.* at 10-11. He also recommended that the Court bar her from filing any more documents in this matter unless she obtains express permission. *Id.* at 12. Ms. Qiu objects to this recommendation. [R. 86.] Because Ms. Qiu provides no legal argument in opposition to the recommendation, her objection [R. 86] is **OVERRULED** and the recommendation [R. 82] is **ADOPTED** as and for the Opinion of the Court.

I

This action is one of nine cases Ms. Qiu currently has pending against Kentucky school districts in federal court. [*See* R. 82 at 11 n.3.] This case arose out of Ms. Qiu's application for a chemistry teacher position at Great Crossing High School. [R. 1.] She claims that the principal

engaged in national origin and other forms of discrimination by hiring a white candidate rather than her for a chemistry teacher position. *Id.*

The parties spent recent months engaging in the discovery process. In a two-month span, Ms. Qiu filed nine discovery-related motions alleging that the Defendant and its counsel lied to her and the Court, destroyed evidence, and failed to comply with her discovery requests. [R. 60; R. 63; R. 64; R. 65; R. 66; R. 67; R. 68; R. 80; R. 81.] Judge Atkins "leniently" construed the motions as motions for sanctions because they sought dismissal of the case and judgment in her favor. [R. 82 at 9-10.] He denied all nine motions because they were frivolous, not accompanied by legal or factual support, and directed *ad hominem* attacks at the Defendant and its lawyers. *Id.* at 8-12.

Due to Ms. Qiu's history of filing frivolous motions, Judge Atkins also recommended that the Court permanently bar Ms. Qiu from filing any document in this case without obtaining permission from the Magistrate Judge. *Id.* at 12. He recommends she be required to submit a motion seeking permission to file any document and a statement of reasons explaining why permission should be granted. *Id.*

Ms. Qiu objects to this recommendation. [R. 86.] Her objection repeats her argument that the Defendant has lied to her. *Id.* She explains that "she is very upset" whenever she "sees [the] defendant lie," so "she immediately tells the court." *Id.* at 2. She also claims that her motions are not frivolous. *Id.* at 4. In response, the Defendant argues that Ms. Qiu's claims that it lied are unfounded and agrees that her motions are frivolous. [R. 87.]

**II**

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service of the Report and Recommendation to file any objections or else she waives her rights to

appeal.[1]  In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  A specific objection must "explain and cite specific portions of the report which [the defendant] deem[s] problematic."  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted).  A general objection that fails to identify specific factual or legal issues from the recommendation is not permitted because it duplicates the Magistrate's efforts and wastes judicial economy.  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Ms. Qiu's Objection is not sufficiently particularized to warrant *de novo* review.  The Objection restates her claims that the Defendant has lied to her and concludes that her Motions were not frivolous.  [R. 86.]  But she does not point to any specific portion of the recommendation which she objects to, nor does she present a legal argument that the recommendation is in error.  "Merely express[ing] a general disagreement with the magistrate judge's legal analysis" is insufficient.  *Brown v. City of Grand Rapids*, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Nevertheless, the Court reviewed the recommendation and agrees that Ms. Qiu should be barred from filing documents in this case without express permission from the Magistrate Judge.  Ms. Qiu insists that her motions were not frivolous by restating her claims that the Defendant is lying.  [R. 86.]  Judge Atkins found that she did not establish any violation of the Federal Rules with any legal or factual support beyond her "conclusory allegations of deceit."  [R. 82 at 10.]

---

[1] The only portion of Judge Atkins's Order to which the parties could object is his recommendation that Ms. Qiu be required to obtain permission to file new documents in this case.  The parties could not object to his rulings on the nine discovery motions.  The Court referred all discovery disputes and proceedings to the Magistrate Judge.  [R. 52 at 7-8.]  Discovery disputes are non-dispositive, so the parties are not entitled to file objections and this Court only disturbs the ruling if it is clearly erroneous.  28 U.S.C. § 636(b)(1)(A).

Her Objection's attempt to do so fares no better. Though she provides a "new lie found in discovery," it is unclear, unexplained, and insufficient to establish that the recommendation is in error. [R. 86 at 3-4.] Otherwise, she does not establish that Judge Atkins erroneously concluded that her filings were frivolous. As Judge Atkins noted, "The Court perceives that Qiu passionately disagrees with the discovery offered by Defendant and that Defendant's version of events is contrary to her own in several ways. The way to challenge Defendant's evidence, however, is not by filing accusatory and baseless motions into this Court's record." [R. 82 at 11.]

Because of Ms. Qiu's lengthy history of frivolous filings, Judge Atkins recommended that she be required to get permission to file new documents. *Id.* at 10-11. Ms. Qiu also does not present a legal argument in opposition to the recommendation and the Court agrees that it is appropriate. Ms. Qiu is aware that she is required to present legal grounds for her motions. The Court advised her on at least four occasions that she is bound by the Federal Rules of Civil Procedure and this District's Local Rules. [R. 4; R. 31 at 1-2; R 34; R. 45; R. 72; *see Martinez v. Litteral*, 2020 U.S. Dist. LEXIS 142289, at *2 (E.D. Ky. May 13, 2020) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).] The Court has specifically informed her that her motions must be accompanied by legal support many times. [R. 31 at 1-2; R. 34 at 6; R. 45.] She repeatedly failed to comply. [*See, e.g.*, R. 60; R. 63; R. 64; R. 65; R. 66; R. 67; R. 68; R. 80; R. 81.]

This history justifies a requirement that Ms. Qiu obtain permission before filing any new documents in this case. The Sixth Circuit permits courts to require individuals to obtain permission before initiating new actions when the subject has a history of bringing frivolous lawsuits. *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). Similarly here, pursuant to the

courts' inherent power to police themselves, the Court may require Ms. Qiu to show a legal basis for new motions before she can file them. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). This requirement is not intended to punish Ms. Qiu for her actions to this point or to discourage her from filing any more *legitimate* motions. Rather, it serves judicial economy to preliminarily review her motions for the required legal support.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Plaintiff's Objection **[R. 86]** is **OVERRULED**;

2. The Recommendation portion of Judge Atkins's Order and Recommendation **[R. 82]** is **ADOPTED** as and for the Opinion of the Court;

3. The Plaintiff is hereafter **PERMANENTLY BARRED** from filing any document in Civil Action No. 5:21-cv-00197-GFVT-EBA unless she first obtains a certification from a United States Magistrate Judge for the Eastern District of Kentucky assigned to the case. The Court will grant such approval only after determining that the proposed filing is not frivolous and is not filed for any improper purpose.

4. In order to obtain such approval to file any document, Ms. Qiu **MUST SUBMIT ALL OF THE FOLLOWING** with the document: (a) a copy of this Order; (b) a motion asking for the Court's permission to file the document and a statement of reasons that the Court's permission should be granted; and (c) the appropriate filing fee or a fully completed Application to Proceed in District Court without Prepaying Fees or Costs.

5. Upon receipt of any document from Ms. Qiu, the Clerk of Court shall: (a) scan the original document and enter it into the record as a miscellaneous document; and (b) send the

original document back to the plaintiff accompanied by correspondence indicating that the document has been filed but will not be acted upon by the Court unless the assigned Magistrate Judge certifies the filing as mandated in the preceding paragraph.

This the 23rd day of January, 2023.

Gregory F. Van Tatenhove
United States District Judge