UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| WEI QIU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 5:21-cv-00197-GFVT |
| v. ) | |
| ) | |
| BOARD OF EDUCATION OF SCOTT ) | **MEMORANDUM OPINION** |
| COUNTY, KENTUCKY, ) | **&** |
| ) | **ORDER** |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Ms. Qiu's objections to two orders filed by Magistrate Judge Atkins denying her permission to file motions. [R. 118; R. 127.] For the reasons that follow, the Court **OVERRULES** her objections **[R. 118; R. 127]** and **ADOPTS** Judge Atkins's orders **[R. 115; R. 120]**.

I

Ms. Qiu brought this action alleging that Scott County engaged in race, color, and national origin discrimination by not hiring her for two teaching positions. [R. 35.] Since January of 2023, the Court has required Ms. Qiu to obtain permission from the Magistrate Judge before submitting new filings. [R. 97.] This followed a protracted history of filing frivolous motions. *See id.* at 2. The Court granted Scott County summary judgment and entered judgment in its favor in May. [R. 111; R. 112.]

Shortly after the Court entered judgment, Ms. Qiu sought permission to file a motion to alter or amend judgment under Rule 59(e). [R. 113.] Judge Atkins denied her request to file this motion because it "is frivolous and brought for an improper purpose." [R. 115 at 2.] Ms. Qiu

then asked to file an objection to that order, which Judge Atkins permitted. [R. 116; R. 117.] Next, Ms. Qiu asked for permission to file a motion seeking sanctions against defense counsel. [R. 119.] Judge Atkins denied that request as well, to which Ms. Qiu objected. [R. 120; R. 122.] Judge Atkins granted her request to file that objection. [R. 126.] Accordingly, two objections are before the Court: (1) Ms. Qiu's objection to Judge Atkins's denial of permission to file a motion to amend judgment and (2) Ms. Qiu's objection to Judge Atkins's denial of permission to file a motion for sanctions. [R. 118; 127.]

A

The Court agrees with Judge Atkins that Ms. Qiu's motion to amend judgment is frivolous. [R. 115.] Her objection claims that Judge Atkins failed to review the facts or arguments presented in her motion. [R. 118 at 2.] Judge Atkins denied permission to file the motion because it "seeks to litigate issues that the Court has grappled with throughout the duration of this action: that Defendant, Defendant's employees, and Defendant's attorneys have 'lied.'" [R. 115 at 2.] Ms. Qiu states that this reasoning "comes from nowhere." [R. 118 at 2.] Judge Atkins correctly observed that the issues presented in Ms. Qiu's motion have been resolved.

Motions to amend are reserved for correcting a clear error of law, addressing newly discovered evidence or an intervening change in the law, or preventing manifest injustice. *See, e.g.*, *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 833 (6th Cir. 1999). The Court recognizes that it is to liberally construe Ms. Qiu's pleadings because she is proceeding pro se. *See Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016). Her motion to amend argues that (1) she presented direct, not circumstantial evidence of discrimination, (2) Lusby and Willis's affidavits are lies, and (3) the Court's summary judgment order adopted a "lie" by defense counsel. [R.

2

113 at 3-13.] Even liberally construing these allegations, Ms. Qiu is not entitled to file her motion to amend because each of the insufficiencies it alleges are unfounded.

First, the Court explained why Ms. Qiu's evidence is circumstantial, not direct. [R. 111 at 4.] This is legal analysis which, though Ms. Qiu may disagree, does not constitute clear error. Ms. Qiu's second argument in favor of amendment is internally inconsistent. She claims that Principal Lusby did not interview her, but "admits it is true" that Principal Lusby held precursor phone interviews. [R. 113 at 5.] When Scott County references her "interview," it is referring to the preliminary phone call between Principal Lusby and Ms. Qiu. [*See* R. 127-3 at 2 (defining this call as a "phone interview).] Ms. Qiu agrees that this call occurred, so the affidavits referencing this interview are not lies. Finally, the Court's order did not "adopt defendant's lie." [*See* R. 113 at 7-8.] Ms. Qiu insists that Scott County lied by claiming that Ms. Qiu discussed her success teaching AP students. *Id.* She explains that AP results were issued after her phone call, so she could not have discussed those results on the call. *Id.* Even assuming that this is true, the Court did not adopt this statement in its order. Rather, it stated that Ms. Qiu "was especially interested in teaching AP chemistry," which Ms. Qiu admitted in her deposition. [R. 111 at 7; R. 91-1 at 9, 11.] Accordingly, the Court did not adopt the statement which Ms. Qiu believes is a lie.

All of Ms. Qiu's claims about the weaknesses in the Court's order are unsubstantiated. She does not identify any clear error, newly discovered evidence, changed law, or manifest injustice. *GenCorp*, 178 F.3d at 833. Accordingly, Judge Atkins correctly determined that she should not be permitted to file a motion to amend. *Id.* It is evident that Ms. Qiu disagrees with the Court's conclusions. [*See* R. 113 at 9 (arguing that the Order "takes Defendant's side").] But a motion under Rule 59(e) is "not an opportunity to re-argue a case." *Sault Ste. Marie Tribe*

3

of *Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Further, a "manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Ms. Qiu does not allege, let alone establish, grounds for amending the judgment. Accordingly, the Court overrules her objection to Judge Atkins's order denying her request to file her motion. [R. 118.] It adopts that order as the opinion of the Court. [R. 115.]

## B

The Court also agrees with Judge Atkins that Ms. Qiu has no grounds to file a motion for sanctions. She claims that counsel for the defendant "lied" in affidavits and filings submitted to the Court. [R. 119.] Judge Atkins denied her request to file that motion because it "is of the same character as [filings] previously identified by the Court as being abusive, frivolous, and brought for an improper purpose." [R. 120.] The Court adopts this finding because all of Ms. Qiu's alleged grounds for sanctions are unfounded.

First, she again cites her application materials for Scott County's teacher positions and argues that they are superior to the other candidates'. [R. 127 at 2-4.] The Court has resolved this issue. Scott County is entitled to choose the candidate whom it believes is best qualified, as long as its reasons are not discriminatory. *Wrenn v. Gould*, 808 F.2d 808 F.2d 493, 502 (6th Cir. 1987) ("Title VII does not diminish lawful traditional management prerogatives in choosing among qualified candidates."). The Court explained by prior order that Ms. Qiu does not establish any discriminatory intent by Scott County. [R. 111 at 6-9.] Her disagreement with the school's view of her qualifications is not grounds for sanctions.

Second, Ms. Qiu's objection again references Scott County's statement that she discussed

4

her success teaching AP students on the call with Principal Lusby. [R. 127 at 4-5.] She claims that this must be a lie because she received AP exams the day after the call, so she could not have known the results. *Id.* Counsel for the defendant indicated that Ms. Qiu "discussed her success with teaching AP students" in its response to her complaint with the EEOC. [*See* R. 127-2 at 2.] However, Ms. Qiu admitted that she sent her students' AP scores days after the call. [R. 127-1 at 8; R. 91-1 at 10.] Counsel for the defendant may have misunderstood the timing of this representation when it responded to Ms. Qiu's complaint to the EEOC. But Scott County has not made this claim since filing that response and there is no indication it was originally made in bad faith. Having the timing of a statement incorrect in a filing before the case was before this Court does not violate Rule 11.

      Finally, Ms. Qiu's objection takes issue with Lusby's affidavit. [R. 127 at 6-12.] As the Court explained above, Ms. Lusby's affidavit is not false for indicating that an interview with Ms. Qiu occurred. It is evident that the Defendant considers the phone call, which Ms. Qiu admits occurred, to be a "precursor interview." [*See* R. 127-3 at 2 (defining the phone call as an "interview").] Accordingly, the affidavit is not a lie for stating that Ms. Qiu was interviewed. Ms. Qiu's second claim—that Ms. Willis is a "created figure by Lusby"—is unfounded. *See id.* at 7. She believes that Ms. Willis is not real because the affidavits reference interviews conducted by Ms. Willis and Ms. Lusby but Ms. Qiu only ever communicated with Ms. Lusby. *Id.* Ms. Lusby's affidavit does not claim that Ms. Willis participated in Ms. Qiu's interview, just that she was involved in interviews for the position. [*See* R. 127-3 at 4.] It is likely that Ms. Lusby and Ms. Willis divided the interviews between them, rather than both interviewing all candidates. *Id.* Ms. Qiu does not establish that Ms. Lusby's affidavits included any "lies," let alone that counsel for the Defendant violated Rule 11 by submitting them. She certainly does

5

not show that Ms. Willis is not a real person "created . . . to mislead the Court." [R. 127 at 9.] Accordingly, there are no grounds for sanctions and the Court agrees with Judge Atkins that Ms. Qiu should not be permitted to file her motion. [R. 120.]

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Judge Atkins's Orders **[R. 115; R. 120]** are **ADOPTED** as and for the opinions of the Court; and,
2. Ms. Qiu's Objections **[R. 118; R. 127]** are **OVERRULED**.

This the 23rd day of August, 2023.

Gregory F. Van Tatenhove
United States District Judge